846 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kennie R. CHILDERS, Defendant-Appellant.
 No. 87-2010.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 6, 1987.
Decided May 6, 1988.
 
 James Randall Reinhardt (Joel C. Morgan; Bulleit, Kinkead, Irvin & Reinhardt on brief) for Appellant; Thomas Richard Lamons, Tax Division, Department of Justice (Michael C. Durney, Acting Assistant Attorney General; John Perry Alderman, United States Attorney, Michael L. Paup; Wynette J. Hewett, Tax Division, Department of Justice on brief) for Appellee.
 Before HARRISON L. WINTER, Chief Judge, MURNAGHAN, Circuit Judge, and FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 The United States filed suit against appellant Kennie R. Childers on December 30, 1983, pursuant to 26 U.S.C. Secs. 7601 and 7602, to reduce to judgment the unpaid balance of his 1975 and 1976 income tax liabilities. Childers claims that those tax liabilities were discharged in his successful 1982 bankruptcy action and that an installment payment agreement which he entered into with the Internal Revenue Service in 1978 constitutes an accord and satisfaction. The United States District Court for the Western District of Virginia, rejecting those arguments, held Childers' tax liabilities nondischargeable in bankruptcy. In so doing, Judge Williams also imposed sanctions of $1,043.10 against appellant because, after he had asserted the argument concerning the installment payment agreement in an earlier suit, he did not call that prior suit to the attention of the district court in this case and inform the district court that that argument had been rejected in the prior suit.
 
 I.
 
 2
 Appellant's claim that his tax liabilities were discharged in the bankruptcy proceeding is without merit. A general order of discharge simply releases a bankrupt from his dischargeable debts and does not identify which of his debts are in fact dischargeable. The general order does not preclude subsequent litigation concerning the dischargeability of a particular debt. Because 11 U.S.C. Sec. 523(a)(1)(C) exempts from discharge any debt for a tax "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax," the United States was free to bring suit on that basis after the bankruptcy process had been concluded.
 
 
 3
 Childers' further argument that his tax liabilities do not fall within the scope of the section 523(a)(1)(C) exception because that section only applies to taxpayers who have made false or fraudulent returns is squarely contradicted by the terms of the statutory provision itself, which brings within its scope taxes which the bankrupt attempted to evade or defeat "in any manner." The district court had before it unambiguous admissions of appellant that he had made false statements in tax collection information forms which substantially underreported his income available to pay his tax liabilities. In those circumstances, the district court was fully warranted in granting summary judgment in the Government's favor.
 
 II.
 
 4
 Appellant also challenges the district court's order imposing sanctions against him pursuant to Rule 11 of the Federal Rules of Civil Procedure without first providing to him a hearing during which he could contest the grounds for sanctions. While Rule 11 does not on its face always require a hearing, procedural due process requirements apply to the serious penalty of sanctions. The question of what procedure assures due process will "depend on the circumstances of the situation and the severity of the sanction under consideration." Fed.R.Civ.P. 11, Advisory Committee Note to the 1983 amendment. In this case the value of a hearing to counsel is diminished by the absence of any possible disputed facts of relevance to the district court's Rule 11 determination. It is incontrovertible that counsel failed under an objective standard to make reasonable inquiry into relevant law by including a claim previously decided by the same court concerning the same tax liability. Because (1) a careful review of the history of this case would have revealed the prior suit and decision, (2) appellant could have moved in the district court to reconsider the imposition of sanctions and chose not to do so, and (3) the district court's decision to impose sanctions comports with Rule 11's objective standard as to whether reasonable inquiry would have revealed the prior litigation and did not require an inquiry into counsel's subjective knowledge and efforts, appellant's request for a remand on that issue is denied and the judgment of the district court is
 
 
 5
 AFFIRMED.